# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREN TAYLOR,

    Plaintiff,

vs.

INGHAM COUNTY 30TH
JUDICIAL CIRCUIT COURT

    Defendants.

Case No. _____
Hon. _____

**PLAINTIFF'S COMPLAINT
& JURY DEMAND**

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
**Rasor Law Firm PLLC**
Attorneys for Plaintiff
201 E 4th Street
Royal Oak, MI 48067
(248) 543-9000/(248) 543-9050 (fax)
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, KAREN TAYLOR, by and through her attorneys, RASOR LAW FIRM, PLLC, and for her Complaint against the above-named Defendants, states as follows:

### PARTIES

1.    At all times relevant to this lawsuit, Plaintiff Karen Taylor (herein "Plaintiff") was a resident of Lansing, County of Ingham, State of Michigan.

1

2. Plaintiff is an African American female.

3. Defendant INGHAM COUNTY 30TH JUDICIAL CIRCUIT COURT ("Defendant") is an arm of the state and governmental agency created pursuant to the laws of the State of Michigan, and 42 U.S.C. § 2000e(a).

4. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(a).

5. Defendant administers and operates Ingham County Circuit Court, specifically the pretrial services division relevant to criminal matters.

6. At all times material and relevant hereto, Defendant was Plaintiff's employer and Plaintiff was employed as a pretrial services investigator at Ingham County Circuit Court.

7. Plaintiff timely filed a charge of discrimination with the Michigan Department of Civil Rights, which was concurrently filed with the Equal Employment Opportunity Commission (herein "EEOC") alleging Defendant discriminated against her based upon race.

8. Plaintiff received a notice of a right to sue on August 5, 2020.

9. All conditions precedent to the filing of this Complaint have been performed or have occurred.

**JURISDICTION AND VENUE**

10. This cause of action arose in the City of Lansing, County of Ingham, State of Michigan.

11. This Honorable Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), § 2000e-6, and 28 U.S.C. §§ 1331, 1343(a), and 1345.

12. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3), § 2000e-6(b), and 28 U.S.C. § 1391(b) because it is where events or omissions giving rise to the cause of action occurred.

## COMMON FACTUAL ALLEGATIONS

13. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 12, as if fully set forth herein.

14. Plaintiff is an African American female, and as such, a member of a protected class.

18. Plaintiff has been employed by Defendant as a pretrial services investigator from 2006 to June of 2019.

19. In January of 2019, Defendant posted a job opening for a Senior Pretrial Services Investigator, which was a newly created position and would effectively supervise all the investigators, including Plaintiff.

20. Given Plaintiff's experience, which included more than her 13 years as a pretrial investigator for Defendant, she applied for this new position.

21. Defendant solely interviewed three existing pretrial services investigators, including Plaintiff, which took place on or around February 7, 2019.

22. The interview panel consisted of three White individuals.

23. On or around March 4, 2019, Plaintiff was informed that a White male (Greg Feamster) had received the position and would effectively become her supervisor.

24. Greg Feamster was less qualified than Plaintiff, as he had only been employed as a pretrial investigator for approximately three years; in fact, Plaintiff had trained Feamster and been part of the interview panel that hired Feamster.

25. During Plaintiff's employment with Defendant the majority, it not all, of the pretrial services staff are White.

26. During Plaintiff's employment with Defendant the majority of individuals employed and hired by Defendant as a whole are White.

27. Upon information and belief, Defendant's decision to solely interview from within and base the ultimate hiring decision on limited factors allegedly entailing the interview panelist(s) subjective score of the candidate's written answers to questions disregards Defendant's Equal Opportunity Employment Plan applicable to hiring practices.

**COUNT I – DISPARATE TREATMENT – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2 AS TO DEFENDANT INGHAM COUNTY 30TH CIRCUIT COURT**

28. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 27, as if fully set forth herein.

29. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. prohibits discrimination against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race.

30. At all material times, Plaintiff was an employee of Defendant, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

31. Plaintiff is African-American, in the minority at Ingham County Circuit Court, and is a member of a protected class under Title VII of the Civil Rights Act of 1964.

32. As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of Plaintiff's race.

33. Because of her race, Plaintiff was subjected to treatment from Defendant that was disparate from that accorded to non-African American co-workers and applicants of Defendant who were treated more favorably than Plaintiff.

34. The disparate and less favorable treatment to which Plaintiff was subjected from Defendant has included adverse employment actions on the basis of Plaintiff's race, and Plaintiff has otherwise been discriminated against with

respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her race.

35. Specifically, Plaintiff, a long-time pretrial services investigator, was denied a promotion to the new position of Senior Pretrial Services Investigator, when a less qualified, Caucasian individual was selected.

36. The disparate and less favorable treatment to which Plaintiff was subjected from Defendant came both from management and supervisory personnel, specifically the interview panel.

37. Defendant has a policy or pattern of practice that encourages management/supervisory personnel and/or the interview panel to directly discriminate against African American applicants, or that tolerates the disparate and less favorable treatment of African American applicants by the same.

38. Defendant has a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of African American applicants by White employees, including but not limited to interview panels.

39. Defendant's conduct during the application process and in selecting the White applicant for the vacant Senior Pretrial Services Investigator, disregarded various policies in place meant to ensure equal employment opportunities such as this vacant position.

6

40. Defendant has either directly discriminated against Plaintiff or has tolerated and looked the other-way to disparate and less favorable treatment of Plaintiff by White decision-makers.

41. The disparate treatment to which Plaintiff was subjected while working at Defendant and involved in the application process has been so substantially disparate and less favorable than the treatment of non-African American employees that it raises an inference of disparate treatment.

42. The disparate treatment which Plaintiff was subjected to from Defendant is so substantially disparate and less favorable than the treatment received by her non-African American peers that it unreasonably interfered with Plaintiff's work performance.

43. There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected during the application process for this vacant position.

44. In violation of Title VII, 42 U.S.C. § 2000e-2(a), Defendant has discriminated on the basis of race by denying Plaintiff a promotion to the vacant Senior Pretrial Services Investigator that Plaintiff was qualified for and instead hiring less qualified and less experienced Caucasian employees for this position.

45. The acts and practices of Defendant described in the above paragraphs constitute a pattern or practice of discrimination on the basis of race in violation of Title VII because Defendant has pursued, and continues to pursue,

policies and practices with respect to terms, conditions, or privileges of employment that discriminate against African Americans and that deprive or tend to deprive African American applicants of vacant assignments of employment opportunities because of their race.

46. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

47. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant is liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus costs, interest, and attorney fees, as well as exemplary damages so wrongfully incurred.

### COUNT II – DISPARATE IMPACT – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2 AS TO DEFENDANT INGHAM COUNTY 30TH CIRCUIT COURT

48. Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 47, as if fully set forth herein.

49. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* prohibits discrimination against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race.

50. Plaintiff is African-American, in the minority with Defendant, and is a member of a protected class under Title VII of the Civil Rights Act of 1964.

51. As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of Plaintiff's race.

52. A Title VII Disparate Impact claim requires a Plaintiff to show that a Defendant's policy or practice has a disproportionate adverse effect on members of a protected class. 42 U.S.C. § 2000e-2(k).

53. The policy at issue here is Defendant's application and selection process for vacant assignments, including but not limited to the use of all Caucasian interview panels and an arbitrary point system utilized by the panelists.

54. Another policy at issue here is that Defendant fails to utilize objective criteria, but instead limiting hiring decisions to subjective criteria.

55. Defendant's application and interview process directly contravenes the policies that purportedly were in place pursuant to Defendant's "Equal opportunity Employment Plan."

56. While facially neutral, Defendant's hiring/promotion process encompasses racial demographic information of the surrounding area, which Ingham County is approximately 75% White.

57. Defendant's interview process and hiring policies/process has a disproportionate effect on African American applicants, as evidenced by the lack of African American employees hired for all vacant positions both within Ingham County 30th Circuit Court and specifically within Defendant's Pretrial Services Department, which rises to a level of disparate impact under Title VII.

58. Defendant's interview/hiring process is not consistent with business necessity—or even Defendant's own policies—and could be accomplished with a more effective, less discriminatory and/or discretionary system with less internal involvement and more third-party involvement.

59. Because of Defendant's hiring/interview policies and procedures, African American candidates are substantially not promoted or hired more than Caucasian candidates.

60. Because of Defendant's interview/hiring policies and procedures, Defendant's predominantly Caucasian leadership maintains control and discretion over hiring decisions.

61. Defendant's policies and procedures for the interview/hiring process lack transparency, sufficient standards and controls, opportunities for internal redress and oversight.

62. Defendant's interview/hiring policies have been implemented in a manner which has had an adverse disparate impact on African American candidates like Plaintiff.

63. Defendant has demonstrated a reckless disregard and deliberate indifference to African American candidates by failing to correct evidence of racial discrimination in the above-referenced policies and procedures and/or by failing to adhere to policies and procedures meant to ensure equal employment opportunities for all applicants.

64. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, failing to receive a promotion to Warden he was qualified for and all benefits that come with said failure.

65. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., Defendant is liable to Plaintiff for all damages allowed under federal law, including but not limited to the following:

    a.    Declaratory relief recognizing that Defendant has unlawfully discriminated against Plaintiff in the interview/hiring process;

  b. Injunctive relief prohibiting these discriminatory practices from continuing;

  c. Individual equitable relief, including both back and front pay and/or placing Plaintiff in a comparative assignment;

  d. An award of costs, interest, and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally in an amount that is fair and reasonable and compensates Plaintiff for his injuries including but not limited to the above-referenced damages.

RASOR LAW FIRM, PLLC

Dated: October 30, 2020

RESPECTFULLY SUBMITTED:

**THE RASOR LAW FIRM**

/s/ *Andrew J. Laurila*
James B. Rasor (P43476)
Andrew J. Laurila (P78880)
Attorneys for Plaintiffs
201 E. Fourth Street
Royal Oak, Michigan 48067-3846
(248) 544-9300/(248) 543-9050 Fax
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREN TAYLOR,

    Plaintiff,

vs.

INGHAM COUNTY 30TH
JUDICIAL CIRCUIT COURT

    Defendants.

Case No. _____
Hon. _____

**PLAINTIFF'S COMPLAINT & JURY DEMAND**

---

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
**Rasor Law Firm PLLC**
Attorneys for Plaintiff
201 E 4th Street
Royal Oak, MI 48067
(248) 543-9000/(248) 543-9050 (fax)
jbr@rasorlawfirm.com
ajl@rasorlawfirm.com

---

## JURY DEMAND

**NOW COMES** Plaintiff, KAREN TAYLOR, by and through her attorneys, RASOR LAW FIRM, PLLC, and hereby demands a trial by jury in the above-captioned cause of action.

RASOR LAW FIRM, PLLC

                                                                                       RESPECTFULLY SUBMITTED:

                                                                                       **THE RASOR LAW FIRM**

                                                                                       /s/ *Andrew J. Laurila*
James B. Rasor (P43476)
Andrew J. Laurila (P78880)
Attorneys for Plaintiffs
201 E. Fourth Street
Royal Oak, Michigan 48067-3846
(248) 544-9300/(248) 543-9050 Fax
jbr@rasorlawfirm.com
Dated: October 30, 2020                    ajl@rasorlawfirm.com